UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SATBIR LNU, (A-246-772-599),

Petitioner,

v.

TONYA ANDREWS, et al,

Respondents.

No. 1:26-cv-1328 DAD AC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former federal immigration detainee, filed this habeas corpus action pursuant to 28 U.S.C. § 2241 while he was civilly detained by Immigration and Customs Enforcement ("ICE"). ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

I. Factual and Procedural History

Petitioner entered the United States without inspection in March 2023 and was detained by immigration officers and subsequently released on an Order of Release on Recognizance ("ROR"). ECF No. 1 (Verified Petition) at 1. Despite petitioner's compliance with the conditions of his release and lack of criminal history, he was re-detained by immigration officers at his ICE check-in on February 7, 2026. Id. at 2.

On February 15, 2026, the court received the petition for writ of habeas corpus, which petitioner filed along with a motion for temporary restraining order. ECF Nos. 1, 2. The petition

asserts that petitioner's detention violates his substantive and procedural due process rights under the Fifth Amendment Due Process Clause, the Immigration and Nationality Act ("INA"), and the Administrative Procedures Act ("APA"). Id. at 9-12. By way of relief, petitioner seeks a declaration that his detention violates the Fifth Amendment Due Process Clause and the INA, release from immigration custody, Equal Access to Justice Act ("EAJA") fees and costs, and any other relief deemed just and proper. Id. at 13.

The court issued a briefing order, directing a response and ordering that the response

> shall substantively address whether any provision of law or fact in this case would distinguish it from this court's prior decision in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) and *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), and other similar cases decided by this court, or otherwise indicate that the matter is not substantively distinguishable.

ECF No. 6. The court further directed that the response should indicate whether respondents oppose the court converting the motion for temporary restraining order to a motion for preliminary injunction. Id.

In response, respondents filed a motion to dismiss the petition for all respondents other than petitioner's immediate custodian, ECF No. 8, and a response to the petition and opposition to temporary and/or preliminary injunctive relief. ECF No. 9. In their response, respondents conceded there were no material differences between this case and the cases cited in the court's minute order, indicated they did not oppose a conversion of the motion to a motion for preliminary injunctive relief, and opposed the motion, citing Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026). Id. at 2. Respondents also requested that if preliminary injunctive relief is granted, the court hold the petition in abeyance pending a decision by the Ninth Circuit Court of Appeals in Rodriguez v. Bostock, 779 F. Supp. 3d 1239 (W.D. Wash. 2025) and Carballo v. Andrews, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025), and that any injunction not prevent the execution of a final removal order, if one is issued following the completion of removal proceedings. Id. at 3-4.

The court found this case analogous to Perez and O.A.C.S., rejected respondents' reliance

on Buenrostro-Mendez, converted the motion for temporary restraining order to a motion for preliminary relief, and granted it as such. By way of preliminary injunctive relief, the court ordered petitioner's release and that he not be re-detained by immigration officials absent certain constitutional protections. ECF No. 11. Petitioner was released from custody. ECF No. 13.

The court also denied respondents' request to hold the case in abeyance and ordered that, if the parties felt the need to submit further briefing and evidence, they do so. ECF Nos. 12, 14. Respondents submitted a return to the petition, arguing that the petition should be dismissed because petitioner's due process claim is without merit and petitioner was properly detained pursuant to 8 U.S.C. § 1225(b). ECF No. 15. Petitioner's reply acknowledges petitioner's release from custody and that he "does not seek further habeas relief ordering *release*," and recognizes the court may determine the petition is moot on this basis, and "does not oppose dismissal on that basis." ECF No. 16 at 2 (emphasis added). Petitioner, however, disputes respondents' position regarding the applicable detention statute and maintains that he was previously released by immigration authorities under an ROR and his re-detention is governed by 8 U.S.C. § 1226(a). ECF No. 16.

## II. Analysis

### A. Respondents' Motion to Dismiss (ECF No. 8)

Respondents' motion to dismiss, citing Doe v. Garland, 109 F.4th 1188 (9th Cir. 2024), seeks to dismiss all respondents except petitioner's immediate custodian. ECF No. 8. However, Doe v. Garland held that a petitioner challenging his immigration detention must name his immediate custodian, 109 F.4th 1188, 1195-97 (9th Cir. 2024); it did not hold that petitioner is precluded from naming more than one respondent so long as the immediate custodian is named, nor did it address who may be named as a respondent when the appropriate remedy includes an injunction against any future re-detention. See, e.g., Khan Atal v. Warden, California City Corrections Center, No. 1:26-cv-01945 DAD SCR, 2026 WL 1110268, at *1-2, (E.D. Cal. Apr. 24, 2026) (citing Estrada v. Mullin, No. 1:26-cv-02527 KES EPG (HC), 2026 WL 1030902, at *1 (E.D. Cal. Apr. 16, 2026)). In this case, because petitioner has named his immediate custodian, and, as discussed below, the appropriate remedy includes an injunction against future re-

detention, the undersigned recommends respondents' motion to dismiss be denied.

B. Petition for Writ of Habeas Corpus (ECF No. 1)

For the reasons indicated in the court's minute order granting a preliminary injunction, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that petitioner's § 2241 petition be granted based on the violation of Petitioner's Fifth Amendment right to due process. See Perez v. Albarran, No. 1:25-cv-01540 DAD CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025); O.A.C.S. v. Wofford, No. 1:25-cv-01652 DAD CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025).

In addition, the undersigned finds that petitioner's detention is governed by 8 U.S.C. § 1226(a), not § 1225(b)(2), and that his detention under § 1225(b)(2) without a bond hearing violated his rights under the INA. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165, 1193 (9th Cir. 2026) (noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are entitled to a bond hearing). The undersigned therefore recommends that the petition be granted as to petitioner's INA claim as well as his procedural due process claim.

The appropriate remedy for these violations includes permanently enjoining respondents from re-detaining petitioner absent notice and a pre-detention hearing before an immigration judge at which respondents will bear the burden of demonstrating a change in circumstances that justifies such detention. Ramirez Godinez v. Warden of the California City Detention Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251, at *5 (E.D. Cal. Aug. 21, 2026), report and recommendations adopted, 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026) (recommending a permanent injunction based on a finding that respondents violated the noncitizen's due process rights in detaining him and collecting cases); Mayen v. Warden, California City Detention Center, No. 1:26-cv-2354 DAD AC, 2026 WL 1067525 (E.D. Cal. Apr. 20, 2026), report and recommendations adopted, 2026 WL 1158217 (Apr. 29, 2026) (recommending a permanent

injunction be entered based on a finding that petitioner was detained in violation of the INA).[1]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on the Fifth Amendment procedural due process claim and the Immigration and Nationality Act ("INA") claim.

2. The court DECLARE that petitioner's re-detention in February 2026 violated petitioner's rights under the Fifth Amendment Due Process Clause and the INA.

3. The court DISMISS WITHOUT PREJUDICE the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

4. The preliminary injunctive relief previously granted be made PERMANENT.

5. Respondents' motion to dismiss (ECF No. 8) be DENIED.

6. Petitioner's request for attorney's fees and costs be DENIED WITHOUT PREJUDICE to bringing a properly noticed and supported motion.

7. All other pending motions, if any, be DENIED as MOOT.

8. The Clerk of Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as

---

[1] In reply, petitioner states that the court *may* dismiss the petition as moot on the basis of petitioner's release from custody. ECF No. 16 at 2. The court, however, should decline to do so. As noted here, a proper and just remedy in this case requires, in addition to release, a permanent injunction against petitioner's re-detention without pre-deprivation procedures. See L.S. v. Santacruz, No. 5:25-cv-02927 CV MBK, 2026 WL 734586 (C.D. Cal. Feb. 5, 2026) ("Respondents have ceased their allegedly unlawful conduct and released Petitioner—not of their own volition—but because the District Court ordered it. But the District Court's TRO and preliminary injunction, by definition, afford no permanent relief. If this case is dismissed as moot without further relief, Respondents will no longer be prohibited from re-detaining Petitioner without pre-deprivation process."); see also Nielsen v. Preap, 586 U.S. 392, 403 (2019) (rejecting the government's claim of mootness where a class action plaintiff was granted release following a preliminary injunction, explaining that "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention").

well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE